IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICKY ESCOBEDO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | **CIVIL NO.** |
| | § | **SA-19-CA-239-FB** |
| BRIAN J. ONOFRE and | § | |
| KATHERINE R. GUTIERREZ, | § | |
| | § | |
| *Defendants.* | § | |

## SHOW CAUSE ORDER

Before the Court is the Civil Rights Complaint [#1] filed by the plaintiff, Ricky Escobedo ("Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff is ordered to file an amended complaint clarifying his allegations and, to the extent possible, curing the Complaint's legal deficiencies, which are described below.

### I.      Legal Standard

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that the action is (i) frivolous or malicious or (ii) fails to state a claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the

1

facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under § 1915A(b)(1) and § 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## II. Deficiencies in Plaintiff's Complaint

The public record shows Plaintiff was indicted in this Court in Case No. SA-17-CR-391-XR for multiple counts of interference with commerce by threats or violence, conspiracy to engage in drug-trafficking, drug-trafficking, possession of firearms in relation to drug-trafficking offenses, and unlawful transport of firearms. The case is pending and Plaintiff is represented by appointed counsel John J. Ritenour, Jr.

Plaintiff's § 1983 Complaint purports to sue FBI Special Agents Brian Onofre and Katherine R. Gutierrez alleging:

- They ordered San Antonio police to search and seize Plaintiff's vehicle without probable cause on October 6, 2016 and April 28, 2017, resulting in the seizure of Plaintiff's wallet containing $400 cash that has not been accounted for.

- They ordered the search of Plaintiff's residence on May 19, 2017, pursuant to a warrant signed by U.S. Magistrate Judge Henry J. Bemporad that was invalid because the affidavit in support contains misrepresentations and facts that fail to support probable cause.

- On December 13, 2017, they illegally searched and seized attorney-client information from Plaintiff while he was in federal custody.

Plaintiff seeks return of his property, damages, and dismissal of the charges against him.

**a. Plaintiff has no claim pursuant to § 1983 against the Defendant FBI agents.**

To state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The defendant FBI agents are not state actors subject to suit under § 1983. *See Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).

**b. Plaintiff fails to allege facts that would support a *Bivens* civil rights claim.**

Title 28 U.S.C. § 1331 provides a federal court with jurisdiction to decide cases involving federal questions. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held a civil rights action may be brought pursuant to § 1331 against federal agents or employees for violation of the plaintiff's Fourth Amendment rights where the agents entered and searched his residence without a warrant. A complaint must allege facts (who, what, where, when), not merely legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555-56, 570.

Plaintiff fails to allege material facts that would support a *Bivens* civil rights claim. Plaintiff fails to allege facts that would support a claim that the searches by SAPD officers on October 6, 2016 and April 28, 2017 were without probable cause or were at the direction of

Defendants. Plaintiff fails to allege particular facts that would support a claim that the warrant for the search of his residence on May 19, 2017 was somehow defective and was not supported by probable cause. Plaintiff fails to allege what attorney-client information was seized on December 13, 2017 while he was in GEO custody or facts that would support a claim Defendants were responsible for this. Plaintiff seeks damages or the return of his property without stating what property was seized or when.

**c. Plaintiff's claim that he was illegally searched on October 6, 2016 is barred by the statute of limitations.**

Claims may be dismissed as frivolous where it is clear they are barred by limitations. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). The state of limitations for civil rights claims arising in Texas is two years. *See id.* (The two-year statute of limitations for torts under Texas law applies to civil rights action in Texas). Plaintiff's Complaint was filed March 11, 2019, and thus his complaint concerning the October 6, 2016 search is untimely and barred by the two-year statute of limitations.

**d. The warrant established probable cause for the May 19, 2017 search of Plaintiff's residence.**

The Magistrate Judge found probable cause for the search on May 19, 2017. Once facts are placed before an independent intermediary, such as a magistrate judge, the "intermediary's [probable cause finding] breaks the chain of causation," unless "the deliberations of that intermediary were in some way tainted by the actions of the defendants." *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004). The Magistrate Judge found probable cause for the search, and Plaintiff failed to allege facts that would support a claim this finding was "tainted by the action of the [D]efendants."

**e. Plaintiff's request for release is not relief available in a civil rights action.**

In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973), the Supreme Court held that where an inmate seeks release from confinement, the inmate's sole remedy is through a writ of habeas corpus, and such relief is not available in a civil rights action.

### III.     Right to Amend

Before dismissal of the Complaint, Plaintiff is entitled to amend to attempt to cure any deficiencies. *See Neitzke*, 490 U.S. at 329. Therefore,

**IT IS ORDERED that within twenty-one days of the date of this Order**, Plaintiff must show cause why his Complaint should not be dismissed pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1), for failure to state a non-frivolous claim, by **filing an amended complaint** (of no more than twenty (20) pages) that cures these deficiencies. Plaintiff should present his amended claims by using the § 1983 complaint form, as he did before. **The Clerk of Court is directed to provide Plaintiff with another copy of the Section 1983 form.**

If Plaintiff fails to comply with this Order, his Complaint can also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

SIGNED this 15th day of May, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE